UNITED STATES of America ex rel.
Rev. Frank Robert Cordee HAHN,
Petitioner-Appellant,

v.

Mr. Vernon REVIS and United States
Board of Paroles and Pardons,
Respondents-Appellees.

No. 74–1057.

United States Court of Appeals,
Seventh Circuit.

July 15, 1977.

Francis X. Beytagh, Notre Dame, Ind.,
Norman J. Lerum, Chicago, Ill., for petitioner-appellant.

Samuel K. Skinner, U. S. Atty., Martin B.
Lowery, Asst. U. S. Atty., Chicago, Ill., for
respondents-appellees.

Before FAIRCHILD, Chief Judge, and
PELL and BAUER, Circuit Judges.

PER CURIAM.

On July 25, 1975, this court filed an opinion, reported at 520 F.2d 632 and entered

judgment instructing the district court on remand to issue a *writ of habeas corpus* providing for release of the petitioner from custody, insofar as custody was predicated on his February 5, 1969 federal sentence, and to quash the federal parole violation warrant issued October 27, 1972. Petitioner had been released on bond pursuant to our order of June 27, 1974.[1]

On August 27, 1975, on the government's motion, and representation that Supreme Court review would be sought in another case, this court recalled its mandate. On November 15, 1976, the Supreme Court decided *Moody v. Daggett,* 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976) and the government has moved that we vacate our judgment, so as to conform to *Moody.* This case is referred to in footnote 1 of *Moody.*

It is clear that much of the reasoning in our opinion must give way to *Moody.* There are, however, factual differences.

*Moody* established that a federal parolee, imprisoned for a crime committed while on parole, is not constitutionally entitled to a prompt parole revocation hearing when a parole violation warrant is issued and lodged with the institution of his confinement, but not served on him. Hahn, while a federal parolee, was imprisoned by Illinois under two concurrent sentences: the 1968 Illinois sentence (modified in 1970) was based on a conviction before his 1969 federal conviction and sentence: the 1973 Illinois sentence was imposed in June, 1973 for an offense in 1972, committed while on parole. *Moody* applies directly only to the latter sentence.

As appears in our opinion, the June, 1973 sentence was for four months, and expired October 19, 1973 at the latest. Hahn contends that if proper credit be given for jail time, the 1973 sentence was really only for time served as of the date of imposition.

We have considered whether *Moody* should be read as holding that Hahn was entitled to a hearing promptly after October 19, 1973 (if that is the expiration of his 1973 sentence) even though he continued in custody in Illinois thereafter. We conclude, however, that it is more consistent with the reasoning of *Moody* that Hahn's right to a hearing would arise only after release from Illinois custody under the 1968 sentence.

The Supreme Court held in *Moody* that merely lodging the warrant as a detainer does not have " . . . any present or inevitable effect upon . . . [protected] . . . liberty interests . . .." 429 U.S. at 87, 97 S.Ct. at 278–279. Only upon execution of the warrant and the subsequent assumption of custody does the parolee suffer loss of liberty sufficient to require a hearing.

As we understand *Moody* the petitioner in this case suffered no loss of liberty when the parole violation warrant was lodged as a detainer at the Illinois prison on April 15, 1973. Nor did he suffer such a loss on October 19, 1973, the date on which his sentence for an offense committed on parole would have terminated. At that time he was still serving the remainder of his 1968 Illinois sentence, and the warrant did not have to be executed until he had completed that sentence.

Thus, although the parolee's intervening imprisonment in *Moody* resulted only from an offense committed while on parole, we conclude that the reasoning in *Moody* that the intervening imprisonment does not derive from the outstanding parole violation warrant necessarily applies to petitioner's Illinois imprisonment in this case even after the 1973 sentence expired.

As already noted, petitioner has been free from actual custody since about June 27, 1974. This resulted from the May

1. We cannot avoid noticing the hardship to petitioner if he were ordered back into custody at this time. He has served most of the remaining 557 days of the federal sentence if it be deemed to have run concurrently, as ordered by both sentencing courts. His offenses while on parole, although not condoned, were treated mildly by the states involved and appear to have been self-help attempts to assemble his children. We are told on brief that petitioner has been living with his seven children and his mother since June, 1974, continuously employed, providing support, and furthering his education.

10, 1974 decision of the Illinois Parole Board to release petitioner on parole and to transfer to federal custody, and from this court's June 27, 1974 order that he be released to the extent custody was predicated on the federal sentence, parole violation warrant, and detainer. Because petitioner's freedom from actual federal custody has been brought about by our order, we cannot logically fault the Board for not having proceeded promptly after release from Illinois actual custody to execute the warrant or hold a hearing on revocation. Accordingly, we do not treat delay in hearing and decision as long as the appeal remained here and as long as our mandate remained recalled as a denial of petitioner's *Morrissey* rights.[2] Thus we must modify our judgment so as to recognize the Commission's present power to consider and decide the matter of revocation.

■ In connection with the parolee's desire to serve the balance of the sentence from which he was paroled concurrently with his sentences for unrelated crimes, the Chief Justice pointed out in *Moody* that the Commission is able to afford that opportunity retroactively. After service of the unrelated sentence, the Commission has discretion to dismiss the warrant or decide that parole need not be revoked. Even if revocation is chosen, the Commission "has power to grant, retroactively, the equivalent of concurrent sentences." 429 U.S. at 87, 97 S.Ct. at 279. Exercise of such discretion would seem specially fitting in this case where the judges who imposed both the Illinois and federal sentences directed that they be served concurrently.

The government asks that we set a date certain upon which Hahn must surrender to federal custody. We have already adverted in footnote 1 to the circumstances which would make it a hardship on petitioner to be ordered back into federal custody at this time. In the light of all the circumstances, we consider it appropriate that petitioner remain at liberty on his own recognizance until the Commission makes its decision. If the Commission were to dismiss the war-

rant or decide against revocation, petitioner's liberty need not be interrupted.

Accordingly, we modify our judgment so as to vacate the judgment appealed from and to instruct the district court to hold the matter open long enough to afford the Parole Commission an adequate opportunity to complete its procedure and reach a decision. Petitioner is to remain free on his own recognizance pending such decision. Once the Commission has reached an administratively final decision, the petition for *habeas corpus* is to be dismissed, and the Commission will be free to execute its warrant if it so decides.

2. *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).