**Joseph MAGGIO, Petitioner,**

v.

**UNITED STATES PAROLE COMMISSION, Respondent.**

No. 77 C 201.

United States District Court, E. D. New York.

Feb. 28, 1979.

Greco & Faraldo, Kew Gardens, N. Y., for petitioner.

Edward R. Korman, U. S. Atty., E. D. N. Y., Brooklyn, N. Y., by Ralph L. McMurry, Asst. U. S. Atty., Brooklyn, N. Y., for respondent.

## MEMORANDUM ORDER

NEAHER, District Judge.

Petitioner is currently a State prisoner at the Arthur Kill Correctional Facility in Staten Island and is scheduled for release on February 26, 1979. He seeks, pursuant to 28 U.S.C. § 2241, a writ of habeas corpus and vacatur of a detainer lodged against him. The application is without merit and therefore must be dismissed.

According to petitioner, he was released from federal custody in August 1973 after serving eighty months of a ten-year sentence imposed upon his conviction for sale of narcotics. Approximately two years later, on April 23, 1975, he was sentenced in the State courts to a term of imprisonment upon a plea of guilty to a charge of burglary. On December 20, 1974, a detainer was lodged against petitioner in favor of the United States Parole Board based upon a mandatory release violator warrant, which remains unexecuted to date and is at issue in this petition.

By a series of requests, petitioner attempted to have respondent in this action dispose of the detainer, so that any sentence imposed on the parole violation would run concurrently with his State court sentence. See Petitioner's Exhibits C, F, G, H, I, K, M, O. The Commission has repeatedly denied petitioner's requests and has taken the position that it will execute the warrant and take petitioner into federal custody upon his release from State prison; thereupon, it will afford him a parole revocation hearing.

Although it is not altogether clear, petitioner appears to seek either a direction lifting the detainer lodged against him (and presumably quashing the warrant) or a direction granting him an expedited parole

revocation hearing. He claims entitlement to relief because of alleged violations of certain constitutional and statutory rights. He appears to argue that respondent's refusal to dispose of the detainer constitutes a deprivation of a liberty interest and that respondent's failure to provide him a preliminary hearing on the parole violation denied him rights provided in 18 U.S.C. §§ 4214(a) and 4214(b)(1). The crux of his contentions, however, is that respondent's decision to let the detainer stand is of dubious wisdom. He suggests that since his record while in custody and his prospects upon return to outside life are so good, he is unlikely to incur further incarceration for his parole violation. Thus, he argues he will be unduly punished and prejudiced by the time spent in prison waiting to receive his revocation hearing, which he estimates will take between 60–90 days from his retaking by federal authorities. He neither claims, however, that any delay in affording the revocation hearing has substantially impaired his ability to present mitigating circumstances to the Parole Commission nor complains that he was deprived of rehabilitative opportunities and an earlier parole date because of the outstanding detainer.[1]

■ Since it is now clear that petitioner pleaded guilty to the State charge on December 12, 1974, prior to the issuance of the mandatory release violator warrant, his attack based upon denial of certain statutory rights fails. 18 U.S.C. § 4214(b)(1) provides that conviction for a State crime committed subsequent to release on parole shall constitute probable cause for purposes of subsection (a) of § 4214. Thus, petitioner was not entitled to a preliminary hearing under § 4214(a); he was only entitled to "review" of the detainer by the Commission within 180 days of notification to the Commission of his placement.[2]

■ The court is informed that petitioner was not taken into State custody on the burglary conviction until April 9, 1975, when he was arrested after having absconded from the supervision of the Probation Office and after having failed to appear on January 30, 1975, for sentencing on the burglary conviction. A dispositional review was then conducted on August 29, 1975, pursuant to regulations effective at that time. Sadowski Affidavit ¶ 7. See 28 C.F.R. § 2.53. The Board determined to let the detainer stand and made similar determinations—not challenged here on procedural grounds—in July 1976, June 1977, and April 1978. On January 18, 1979, the Commission denied petitioner's request for an expedited revocation hearing. Thus, it is clear that the review was timely and the procedures employed were adequate.[3]

1. The United States Probation Office, in fact, informed State authorities at the Arthur Kill Rehabilitation Center by letter dated March 31, 1977 that the federal detainer was not designed to limit petitioner's participation in any of the institution's rehabilitative programs.

2. The statutes upon which petitioner bases his argument that he was improperly denied a preliminary hearing, moreover, did not become effective until March 15, 1976, more than a year after the detainer at issue was lodged.

3. Petitioner does not specifically assert that the dispositional review was inadequate other than by suggesting that he was not given reasons for the decision by the Parole Commission. Significantly, he does not rebut the sworn statement of Henry J. Sadowski, Regional Attorney, United States Parole Commission, that petitioner was afforded a procedurally proper dispositional review. See Sadowski Affidavit ¶ 7.

With respect to petitioner's argument that he was not given a statement of reasons after the dispositional review, 28 C.F.R. § 2.13 does not by its terms apply to dispositional review of detainers. Second, although a statement of reasons is required following parole revocation, there is no such requirement following dispositional review. See 18 U.S.C. § 4214(e). Third, there is nothing in the record to suggest that the Commission acted arbitrarily or capriciously. To the contrary it appears that it acted well within its discretion, assuming such an exercise of discretion is reviewable in habeas corpus jurisdiction. Finally, the court believes that, even assuming a statement of reasons were constitutionally mandated or that procedural defects occurred in the dispositional review, petitioner would not be entitled to the relief he seeks but would only be entitled to a statement of reasons for the decision or a constitutionally adequate review. Since the time in which any such defects could have been redressed in this manner has long passed, petitioner's delay in presenting this challenge precludes the grant of any meaningful relief under the circumstances.

■ The law is settled, moreover, and does not support the merits of petitioner's constitutional claim. In *Moody v. Daggett,* 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976), the Supreme Court determined that a federal parolee has no right to a prompt revocation hearing on a parole violator warrant based upon an intervening conviction and imprisonment by federal authorities. It concluded that petitioner's present confinement derived from the subsequent conviction and not from the existence of the unexecuted violator warrant. Thus, he had no right to force a hearing at a time prior to the execution of the warrant. 97 S.Ct. at 278. The fact that in this case petitioner's intervening sentence is for a State crime is without significance, see *U. S. ex rel. Caruso v. U. S. Board of Parole,* 570 F.2d 1150, 1154 (3d Cir.), *cert. denied,* 436 U.S. 911, 98 S.Ct. 2249, 56 L.Ed.2d 411 (1978); *Deveny v. U. S. Board of Parole,* 565 F.2d 875 (5th Cir. 1978), and thus *Moody* is controlling.

The court joins the circuit courts that have addressed the issue and have held "that a state prisoner is not entitled to an immediate revocation hearing by federal parole authorities when an unexecuted federal parole violator warrant is lodged with state prison officials as a detainer, at least where the warrant is based on a state conviction for a felony which was committed while the prisoner was on federal parole." *U. S. ex rel. Caruso v. U. S. Bd. of Parole, supra* at 1155. See *United States ex rel. Hahn v. Revis,* 560 F.2d 264 (7th Cir. 1977); *Hicks v. Board of Parole,* 550 F.2d 401 (8th Cir. 1977); *Larson v. McKenzie,* 554 F.2d 131 (4th Cir. 1977) (state parole violator warrant lodged as a detainer with prison officials of another state). We expect the Court of Appeals for this Circuit to reach a similar result when directly faced with this issue. Cf. *Shelton v. Taylor,* 550 F.2d 98 (2d Cir.), *cert. denied,* 432 U.S. 909, 97 S.Ct. 2958, 53 L.Ed.2d 1083 (1977); *Shepard v. U. S. Board of Parole,* 541 F.2d 322 (2d Cir. 1976), *vacated and remanded,* 429 U.S. 1057, 97 S.Ct. 779, 50 L.Ed.2d 773 (1977), *dismissed as moot,* 544 F.2d 64 (2d Cir. 1977).

Accordingly, petitioner's application for a writ of habeas corpus is denied.