**Clyde Owens KENNER, Petitioner-Appellant,**

v.

**T. C. MARTIN, Warden, Federal Correctional Institution at Ashland, Kentucky, Respondent-Appellee.**

**No. 79–3699.**

United States Court of Appeals, Sixth Circuit.

Argued April 16, 1981.

Decided May 12, 1981.

Eldon Webb, Lexington, Ky., for petitioner-appellant.

Patrick H. Molloy, U. S. Atty., Jesse Crenshaw, James A. Zerhusen, Asst. U. S. Attys., Lexington, Ky., for respondent-appellee.

Before ENGEL, KENNEDY and BOYCE F. MARTIN, Jr., Circuit Judges.

PER CURIAM.

Clyde Owens Kenner appeals from the District Court's denial of his petition for a writ of habeas corpus. Kenner was convicted of state charges in Kentucky, and was released on parole on April 19, 1977. While on parole, he was convicted of federal charges in the United States District Court for the Eastern District of Kentucky, and incarcerated at Ashland Federal Correctional Institution. On June 15, 1978, the Parole Board of the Commonwealth of Kentucky issued a parole violator's warrant for Kenner, based on his conviction of the federal offenses. Kenner was informed about the warrant in July of 1979.

Kenner claims that the failure of the federal authorities to notify him of the warrant and to provide a revocation hearing within a reasonable time denied him due process of law. The essence of appellant's claim is that the existence of the warrant impairs his eligibility for reassignment and for rehabilitative programs. The question of whether a prompt revocation hearing is constitutionally required on these facts was expressly left open by the Supreme Court in *Moody v. Daggett,* 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976). In that case the Supreme Court held that a *federal* parolee has no right to a prompt revocation hearing on a parole violator warrant based upon an intervening conviction and imprisonment by federal authorities. The Court concluded that a prisoner has no right to a hearing prior to the execution of the warrant.

Although *Moody* does not address the question before us, we believe that the fact that petitioner's first sentence is a state sentence makes no difference in the effect of an unexecuted parole violator warrant. *Cf. United States ex rel. Caruso v. United States Board of Parole*, 570 F.2d 1150 (3rd Cir.), *cert. denied*, 436 U.S. 911, 98 S.Ct. 2249, 56 L.Ed.2d 411 (1978); *Maggio v. United States Parole Commission*, 466 F.Supp. 322 (E.D.N.Y.1979).

We also note that petitioner does not appear to raise a claim upon which we may grant habeas relief. Prisoner classification and eligibility for rehabilitative programs in the federal system apparently do not activate due process rights. *Moody, supra*, 429 U.S. at 88, n.9, 97 S.Ct. at 279.

The judgment of the District Court is affirmed.