810 F.2d 199
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Arlo BARGER, et al., Plaintiffs-Appellants,
v.
William French SMITH, et al., Defendants-Appellees.
 No. 85-5516.
 United States Court of Appeals, Sixth Circuit.
 Nov. 6, 1986.
 
 Before ENGEL, JONES and NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 The plaintiffs, prisoners at the Federal Correctional Institution at Ashland, Kentucky, sued the warden of that institution and others under 42 U.S.C. §§ 1985 and 1986 (1982). The complaint alleges that 18 U.S.C. § 4082(c) (1982) and the regulations thereunder, which establish a prisoner furlough program, gave prisoners a "liberty interest" in having the warden exercise his discretion as to each individual furlough application; that the warden adopted an across-the-board policy of not granting furloughs under any circumstances; that he effected this policy by denying all Ashland inmates community custody status, which status is a prerequisite to eligibility for furlough; and that the warden's policy deprived the prisoners of their liberty without due process of law and denied them equal protection of the law in violation of the Fifth Amendment of the United States Constitution. The district court dismissed the suit for failure to state a claim upon which relief could be granted. We shall affirm.
 
 
 2
 The Attorney General is authorized by statute to "extend the limits of the place of confinement of a prisoner" for not more than 30 days for various specified purposes. 18 U.S.C. § 4082 (1982). The Attorney General delegated his authority to the Director of the Bureau of Prisons, who redelegated it to the warden of each penal institution. 28 C.F.R. §§ 0.96(d) and 570.32(a) (1986). The regulations provide that "[a]n inmate may be authorized a furlough" for specified reasons, such as to let the prisoner be at home during a family crisis or participate in selected activities that will facilitate "release transition." 28 C.F.R. § 570.32(a) (1986).
 
 
 3
 The regulations contain a list of "eligibility requirements" that must be satisfied before the warden may grant a furlough. One of the requirements is that the inmate have "community custody" status. 28 C.F.R. § 570.34(a) (1986). None of the plaintiffs in this case has community custody status. Plaintiffs allege that their requests for such status were denied by the warden in order to effectuate his no-furlough policy. They have not alleged that any of them has ever requested a furlough and had the request denied.
 
 
 4
 As the district court impliedly recognized, the plaintiffs cannot challenge nonexistent denials of furlough applications. Accordingly, the only issue presented at this juncture is whether denial of a request for community custody classification, if prompted by a desire to see that no one becomes eligible for furlough, is a deprivation of "liberty" without due process.
 
 
 5
 In Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976), the Supreme Court held with regard to prisoner classification and eligibility for rehabilitative programs in the federal system that "Congress has given federal prison officials full discretion to control these conditions of confinement, 18 USC § 4081, and petitioner has no legitimate statutory or constitutional entitlement sufficient to invoke due process." See also Kenner v. Martin, 648 F.2d 1080, 1081 (6th Cir.1981), which is to the same effect.
 
 
 6
 Although federal prisoners have not heretofore been held to have any entitlement to a particular custody classification, the Supreme Court has recognized that interests protected under the Due Process Clause of the Fourteenth Amendment can be created by state regulations employing "language of an unmistakably mandatory character, requiring that certain procedures 'shall,' 'will,' or 'must' be employed ... and that [the challenged action] will not occur absent specified substantive predicates." Hewitt v. Helms, 459 U.S. 460, 471-72 (1983). A "careful procedural structure" alone is not sufficient. Id. at 471. The same concepts, we presume, could be pertinent where federal action is challenged under the Fifth Amendment.
 
 
 7
 The plaintiffs have referred us to no "substantive predicates" for denial of a change in federal custody classification, and we know of none. The plaintiffs have thus failed to state a claim for violation of the Due Process Clause.
 
 
 8
 The plaintiffs' other claims are foreclosed by the plaintiffs' failure to allege that any of them has ever applied for a furlough and had his application denied. See generally 13A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure: Jurisdictional 2d §§ 3531-3532.2 (1984), and cases cited therein.
 
 
 9
 The judgment of the district court is AFFIRMED.