■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH MAGGIO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Sangiorgio, J.), rendered November 3, 1983, convicting him of attempted murder in the first degree and attempted murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution, we find that it was legally sufficient to support the defendant's conviction *(see, People v Contes,* 60 NY2d 620). Minor discrepancies in a witness's testimony do not warrant an impeachment of the jury's verdict *(see, People v Martin,* 108 AD2d 928; *People v Di Girolamo,* 108 AD2d 755, *lv denied* 64 NY2d 1133; *People v Rodriguez,* 72 AD2d 571). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Contrary to the defendant's further contention, the admission into evidence of testimony which, in effect, established that certain items in the defendant's vehicle were stolen property taken during a robbery, was not error. Evidence of uncharged crimes may be introduced in order to show the defendant's motive or intent (see, People v Vails, 43 NY2d 364; People v Molineux, 168 NY 264). In this case, the aforementioned testimony was probative of the defendant's motive and intent in engaging in a later shooting incident with the police, which resulted in the instant charges against the defendant. Although some prejudicial effect will necessarily result from the introduction of uncharged criminal conduct, the probative value of the evidence herein clearly outweighed any prejudicial effect (see, People v Vails, supra, at 368-369). Moreover, the court carefully circumscribed the scope of the permissible testimony and gave a jury instruction concerning the use to which the testimony concerning the items found in the defendant's vehicle was to be considered by the jury, to wit, that such evidence was to be considered solely "on the question of motive and intent * * * and for no other purpose".

We find no basis for disturbing the sentence (see, People v Suitte, 90 AD2d 80). Lawrence, J. P., Kunzeman, Kooper and Spatt, JJ., concur.