■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALDINE HARDWICK, Appellant.

We find unpersuasive the defendant's contention that the trial court erred in ruling that incriminating statements taken from her by the police in violation of her right to counsel could nevertheless be used for impeachment purposes by the prosecutor if the defendant chose to testify at trial. While the suppression of these statements following a *Huntley* hearing clearly precluded their use by the People as evidence-in-chief, it is firmly established that voluntary statements taken in violation of a defendant's constitutional rights are admissible for the purpose of impeaching the defendant's

credibility *(see, People v Maerling,* 64 NY2d 134; *People v Ricco,* 56 NY2d 320; *People v Wendel,* 123 AD2d 410, *lv denied* 69 NY2d 835). Inasmuch as the hearing record amply supports the court's conclusion that the statements at issue were made voluntarily, the challenged ruling was not erroneous.

Similarly unavailing is the defendant's claim that the trial court erred in denying a request to charge that her boyfriend, who testified for the prosecution, was an accomplice as a matter of law. Where, as in this case, competing inferences regarding the possible status of a witness as an accomplice may be drawn from the evidence, the issue is one of fact appropriately left to the determination of the jury *(see, People v Basch,* 36 NY2d 154; *People v Romeo,* 130 AD2d 523, *lv denied* 69 NY2d 1009; *People v Werner,* 55 AD2d 317), and the court's charge to this effect was therefore proper.

Furthermore, while the trial testimony contained many references to the defendant's use of cocaine and also made some vague references to her lack of moral character, the record demonstrates that these comments went largely unchallenged and that on the one occasion when an objection to one such remark was made, it was sustained and a curative instruction was given to the apparent satisfaction of the defense counsel *(see,* CPL 470.05 [2]; *People v Jalah,* 107 AD2d 762). In any event, the testimony regarding the defendant's drug use was admissible despite the general prohibition against evidence of uncharged crimes, as it was relevant on the issue of her motive in committing the offenses charged and was inextricably interwoven with the crimes *(see, People v Vails,* 43 NY2d 364; *People v Molineux,* 168 NY 264). Additionally, it was admissible to complete the narrative of events regarding the commission of the offenses *(see, People v Gines,* 36 NY2d 932; *People v Brockington,* 126 AD2d 655).

Contrary to the defendant's present contention, there was ample circumstantial evidence under the totality of the circumstances in this case to support the jury's finding that she possessed the requisite intent to commit the underlying felony of robbery at the time of the shooting; hence, the proof was legally sufficient to sustain her conviction of felony murder *(see, People v Lewis,* 64 NY2d 1111; *People v Kennedy,* 47 NY2d 196, *rearg dismissed* 48 NY2d 635, 656; *People v Reynolds,* 107 AD2d 724).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. More-

over, upon an exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

Finally, the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80). Weinstein, J. P., Rubin, Spatt and Sullivan, JJ., concur.