■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD BOWDEN, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Rohl, J.), rendered October 21, 1987, convicting him of criminal sale of a controlled substance in the first degree (two counts) and criminal possession of a controlled substance in the second degree (two counts), upon a jury verdict, and imposing sentence of an indeterminate term of 15 years' to life imprisonment on the conviction of criminal sale of a controlled substance in the first degree under counts one and three, 8⅓ years' to life imprisonment on the conviction of criminal possession of a controlled substance in the second degree under count two, and 5 years' to life imprisonment on the conviction of criminal possession of a controlled substance in the second degree under count four, the sentences under counts one and two to run concurrently to each other and the sentences under counts three and four to run concurrently to each other but consecutively to the sentences imposed under counts one and two.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by deleting the provision

that certain of the sentences shall run consecutively and substituting therefor a provision that all of the sentences shall run concurrently to one another; as so modified, the judgment is affirmed.

The defendant asserts that the trial court's admission of evidence, including a tape recording, of a telephone conversation that he had with an undercover police officer after the first but prior to the second sale of cocaine to the officer was reversible error. However, it is apparent from the record that the second sale was the product of ongoing bargaining between the defendant and the undercover officer, and thus, evidence with respect to the conversation was inextricably interwoven with the entire transaction and served to complete the narrative of the episode (see, People v Vails, 43 NY2d 364; People v Hardwick, 140 AD2d 624; People v Ricotta, 117 AD2d 682; see also, People v Gines, 36 NY2d 932). Indeed, the evidence not only was necessary to understand the officer's subsequent testimony with respect to the second sale (cf., People v Crandall, 67 NY2d 111), but was also probative of the defendant's intent in view of his defense that he was hired by the officer and a confidential informant to act out the part of a big-time drug seller (see, People v Alvino, 71 NY2d 233). Moreover, any prejudicial effect of such evidence was carefully circumscribed by the court in its instructions to the jury (see, People v Maggio, 137 AD2d 623). Thus, under these circumstances, the probative value of that evidence outweighed any potential prejudice that might have resulted from its admission (see, People v Ventimiglia, 52 NY2d 350; People v Allweiss, 48 NY2d 40; People v Molineux, 168 NY 264). Accordingly, the tape of the conversation in question, and testimony with respect thereto, was properly admitted into evidence by the trial court.

We find the sentence was excessive to the extent indicated.

We have reviewed the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Lawrence, Harwood and Balletta, JJ., concur.