947 F.2d 946
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert Kent SHELTON, Petitioner-Appellant,
v.
UNITED STATES PAROLE COMMISSION, UNITED STATES DEPARTMENT OF
PROBATION AND PAROLE, Respondent-Appellee.
 No. 91-3571.
 United States Court of Appeals, Sixth Circuit.
 Oct. 31, 1991.
 
 Before ALAN E. NORRIS and SILER, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Robert Kent Shelton moves for counsel on appeal from the district court's dismissal of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The following facts appear from the pleadings filed by the parties. In 1980, Shelton was convicted in the United States District Court for the Northern District of Ohio for the offense of receiving stolen property. He was sentenced to a term of eight years imprisonment. On April 11, 1985, Shelton was released on mandatory parole subject to, among other conditions, continued supervision until June 12, 1987, within Mansfield, Ohio. While Shelton was on parole, Ohio authorities arrested him and charged him with felony theft. On June 26, 1986, after being found guilty by an Ashland County, Ohio, Court of Common Pleas of receiving stolen property, Shelton was sentenced to eighteen months in prison. On the basis of this conviction, the United States Parole Commission (USPC) issued a warrant on July 24, 1986, charging Shelton with violating the conditions of his mandatory parole.
 
 
 3
 On January 7, 1987, the Richland County, Ohio, Grand Jury indicted Shelton on four counts of aggravated drug trafficking, four counts of permitting drug abuse and one count of drug abuse. Shelton was found guilty of all nine counts in March, 1987. He was sentenced to a total prison term of nine and a half years. On the basis of this conviction, the USPC supplemented the July 24, 1986, warrant. After conducting an "on-the-record" dispositional review wherein Shelton was represented by counsel, the USPC decided to let the detainer stand.
 
 
 4
 In his habeas petition, Shelton sought the removal of the detainer issued by the USPC. He maintained that the "on-the-record" dispositional hearing violated his right to due process. He further claimed that his federal sentence has expired and that he is suffering harm from the existence of the detainer.
 
 
 5
 A magistrate construed Shelton's petition as an action for mandamus to compel the USPC to remove the detainer placed on him in 1986 as a result of the federal parole violations. The magistrate further deemed the USPC's answer to be a motion to dismiss for failure to state a claim upon which relief could be granted under Fed.R.Civ.P. 12(b)(6). The magistrate, thereafter, issued a report recommending that the petition be dismissed pursuant to Fed.R.Civ.P. 12(b)(6). The magistrate concluded: (1) that the USPC held a timely "on-the-record" review of Shelton's detainer pursuant to 28 C.F.R. § 2.47(a)(2) in October of 1987, within 180 days of notification; and (2) that Shelton had no constitutional right to compel an immediate revocation hearing by the USPC, see Moody v. Daggett, 429 U.S. 78, 87-88 (1976); Kenner v. Martin, 648 F.2d 1080, 1081 (6th Cir.1981). Despite Shelton's timely objections, the district court adopted the magistrate's report and recommendation and entered judgment accordingly.
 
 
 6
 Upon review, we conclude that the dismissal was proper because it appears beyond doubt that Shelton can prove no set of facts which would entitle him to relief. See Meador v. Cabinet For Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 111 S.Ct. 182 (1990). The USPC acted well within its authority in deferring further consideration of the status of the detainer until Shelton is transferred to federal custody upon completion of his state sentences.
 
 
 7
 Accordingly, the motion for counsel is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.