■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID WILLIAMS, Appellant

The defendant contends, *inter alia,* that he was denied a fair trial when the court failed to instruct the jury that it should not consider the evidence presented at trial regarding the drug sale made by one Myrna Valentine, who was arrested with the defendant, since all charges relating to the defendant having allegedly acted in concert with Valentine were dismissed. We disagree.

First, we note that this issue is unpreserved for appellate review since the defendant failed to make any request for such a charge, and failed to make any objection following the jury charge as given (CPL 470.05 [2]). In any event, we find that the evidence regarding the drug sale made by Valentine was "inextricably interwoven with the entire transaction and served to complete the narrative of the episode" *(People v Bowden,* 157 AD2d 789, 790; *see also, People v Gines,* 36 NY2d 932; *People v Hardwick,* 140 AD2d 624; *People v Brockington,* 126 AD2d 655).

We have examined the defendant's remaining contentions and find them to be largely unpreserved for appellate review (CPL 470.05 [2]). In any event, as to those issues, as well as those remaining claims of error which are preserved for appellate review, we find them to be either without merit or harmless in light of the overwhelming evidence of the defen-

dant's guilt *(see, People v Crimmins,* 36 NY2d 230). Kunzeman, J. P., Balletta, Miller and Ritter, JJ., concur.