966 F.2d 1453
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald T. PHIPPS, Petitioner-Appellant,
v.
John C. RUNDA, Chairman, Kentucky State Parole Board;
Attorney General of Kentucky, Respondents-Appellees.
 No. 92-5123.
 United States Court of Appeals, Sixth Circuit.
 June 12, 1992.
 
 Before BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Ronald T. Phipps, a pro se federal prisoner, appeals a district court order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Phipps was originally convicted and sentenced in March 1967 in the Kentucky state courts to serve a twenty-one year sentence for armed robbery. In 1978, Phipps received an additional two year sentence in the Kentucky courts for reckless homicide. Phipps was discharged on parole in November 1980. However, on May 20, 1981, Phipps pleaded guilty in federal court to two counts of bank robbery for which he received an eighteen year sentence. Following his federal conviction, the Kentucky Parole Board issued a parole violation warrant against Phipps. The warrant was lodged as a detainer at the FCI-Lewisburg, Pennsylvania, where Phipps was incarcerated for his federal bank robbery conviction.
 
 
 3
 Thereafter, Phipps filed a § 2241 petition for a writ of habeas corpus contending that: 1) the Kentucky Parole Board violated his due process rights by not conducting a prompt parole revocation hearing; and 2) his Eighth Amendment rights are being violated because the parole violation warrant is interfering with his federal security classification. The case was referred to a magistrate judge who recommended that the petition be dismissed. Over Phipps's objections, the district court adopted the report in part and dismissed the petition finding the claim did not rise to a constitutional level. Phipps filed this timely appeal raising the same issues he presented to the district court. He requests leave to proceed in forma pauperis.
 
 
 4
 Upon de novo review, we conclude that the district court properly dismissed the habeas petition because Phipps was not denied a fundamental right. Cf. Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990). His claims do not allege a violation of due process, see Kenner v. Martin, 648 F.2d 1080, 1080-81 (6th Cir.1981), nor a violation of the Eighth Amendment's Cruel and Unusual Punishment Clause. See Wilson v. Seiter, 111 S.Ct. 2321, 2324-26 (1991).
 
 
 5
 Accordingly, we grant leave to proceed in forma pauperis for the purposes of this appeal and affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.