Joseph MAGGIO, Petitioner,

v.

Robert McCLELLAN, Superintendent,
Southport Correctional Facility,
Respondent.

No. 92 Civ. 7238 (LMM).

United States District Court,
S.D. New York.

Jan. 18, 1994.

Joseph Maggio, pro se.

Linda A. Riffkin, Sp. Asst. U.S. Atty., New York City, for respondent.

*MEMORANDUM AND ORDER*

McKENNA, District Judge.

By Report and Recommendation dated October 29, 1993, Magistrate Judge Grubin recommended that this petition for habeas corpus be denied (and denied petitioner's application for the appointment of counsel). By letter dated November 4, 1993, petitioner has timely objected to the Report and Recommendation (and asks that counsel be appointed). The Court considers the Report and Recommendation *de novo.* 28 U.S.C. § 636(b)(1).

The Report and Recommendation correctly concludes that former 18 U.S.C. § 4164 does not govern.[1] Petitioner had not served "his term or terms less good time credits," 18 U.S.C. § 4164 (repealed 1986), at the time of his release on July 31, 1979, but was simply paroled. *See* Certificate of Parole dated July 20, 1979 (stating, among other things, that petitioner "be PAROLED on July 31, 1979, and that he remain within the limits of Eastern District of New York until February 9, 1983."). As a parolee, petitioner was under the jurisdiction of the Parole Commission through February 9, 1983. *See* former 18 U.S.C. § 4210(a).[2]

*Birch v. Anderson,* 358 F.2d 520 (D.C.Cir. 1965), cited by petitioner, does not support his argument. In that case, former 18 U.S.C. § 4164 did apply, because the appellant, unlike petitioner here, "was released on a mandatory good-conduct release pursuant to [former] 18 U.S.C. § 4163." 358 F.2d at 522. (footnote omitted). 18 U.S.C. 4163 provided for release "at the end of a prisoner's term of sentence less the time deducted for good conduct." As noted, petitioner was not so released on July 31, 1979, but was paroled.

The Court accepts the recommendation that the petition be denied, and concurs with

---

1. That section provided, in part, that "[a] prisoner having served his term or terms less good-time deductions shall, upon release, be deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days." The section was repealed effective November 1, 1986, *see* Pub.L. 98–473, Title II, §§ 218(a)(4) & 235, 98 Stat. 2027, 2031 (1984), and so was in effect when the Parole Commission's warrant was issued on January 10, 1983.

2. That subsection provided that "[a] parolee shall remain in the legal custody and under the control of the Attorney General, until the expiration of the maximum term or terms for which such parolee was sentenced." The section was repealed effective November 1, 1986, *see* Pub.L. 98–473, Title II, §§ 218(a)(5) & 235, 98 Stat. 2027, 2031 (1984).

the conclusion that appointment of counsel is not warranted. *See Buitrago v. Scully,* 705 F.Supp. 952, 957–958 (S.D.N.Y.1989).

The writ is denied and the petition is dismissed.

SO ORDERED.

*REPORT AND RECOMMENDATION TO THE HONORABLE LAWRENCE M. McKENNA*

GRUBIN, United States Magistrate Judge:

Petitioner, currently a New York State prisoner at the Southport Correctional Facility and proceeding *pro se,* seeks a writ of habeas corpus challenging a warrant lodged as a detainer against him by the United States Parole Commission on the ground that it lacked jurisdiction over him at the time it was issued.[1]

Petitioner's claim arises from the ten-year sentence he received on February 17, 1969 upon his conviction in the Southern District of New York for sale of narcotics. Petitioner was released on parole in August 1973. Two years later he was convicted in New York State of burglary, and after serving his state sentence he was committed back into federal custody on March 14, 1979.[2] According to the "sentence computation record" then prepared by the federal prison system, the expiration date for the maximum term of his federal sentence was February 9, 1983, and the date for his mandatory release (based on his maximum term less good time deductions) was October 22, 1981. Petitioner was again released on parole on July 31, 1979. On August 20, 1982 he was arrested in New York City and charged with robbery, burglary, criminal possession of a firearm and grand larceny. On January 10, 1983 the Parole Commission issued a warrant for his

arrest for parole violation with instructions to place the warrant as a detainer in the event he was sentenced. Supplements to the warrant were issued on February 1, 1983, after he was arrested on other state charges on January 14, 1983, and on December 6, 1983, after he was convicted of attempted murder in the first degree and attempted murder in the second degree in New York Supreme Court, Richmond County, and sentenced to consecutive terms of 25 years to life and 12½ to 25 years. *See People v. Maggio,* 137 A.D.2d 623, 524 N.Y.S.2d 511 (2d Dep't), *appeal denied,* 71 N.Y.2d 1029, 530 N.Y.S.2d 564, 526 N.E.2d 57 (1988).

Under the statutes and regulations applicable to offenses committed before November 1, 1987, parole jurisdiction over prisoners and parolees extends to the expiration date of the maximum terms for which they were sentenced. 18 U.S.C. § 4210(a) (repealed 1984);[3] 28 C.F.R. § 2.35(a) (1993); *see Clay v. Henderson,* 524 F.2d 921, 922–23 (5th Cir. 1975), *cert. denied,* 425 U.S. 995, 96 S.Ct. 2210, 48 L.Ed.2d 820 (1976). However, when a prisoner who has fully served his maximum term(s) less good-time deductions is mandatorily released pursuant to 18 U.S.C. § 4164 (repealed 1984), he is "deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced less [180] days." Thus, a parole violation warrant cannot be issued during the final 180 days of the maximum term of a prisoner who has been mandatorily released pursuant to 18 U.S.C. § 4164. 28 C.F.R. § 2.44(c) (1993); *see Russie v. United States Dep't of Justice,* 708 F.2d 1445, 1447 (9th Cir.1983).

Petitioner does not dispute the dates set forth in his "sentence computation record." He contends, however, that he was released pursuant to 18 U.S.C. § 4164, that his period of parole supervision therefore expired on

---

**1.** Although petitioner has used a form for petitions under 28 U.S.C. § 2254 and has named the Superintendent of the Southport Correctional Facility as a respondent, we liberally construe his submission as a petition under 28 U.S.C. § 2241 for a writ of habeas corpus and vacatur of the detainer. *See Maggio v. United States Parole Comm'n,* 466 F.Supp. 322, 323 (E.D.N.Y.1979).

**2.** Petitioner's attack on the detainer pursuant to which he was committed was rejected in *Maggio*

*v. United States Parole Comm'n,* 466 F.Supp. 322 (E.D.N.Y.1979).

**3.** Pub.L. 98–473, Title II, § 235(a)(1), 98 Stat. 2031 (1984), *as amended,* Pub.L. 99–217, § 4, 99 Stat. 1728 (1985), provided for the repeal of 18 U.S.C. §§ 4161 to 4166 and §§ 4201 to 4218 effective November 1, 1987. The repeal applies only to offenses committed after that date.

August 13, 1982, *i.e.,* 180 days prior to the expiration of his maximum term on February 9, 1983, and that the Parole Commission therefore lacked jurisdiction to issue its warrant on January 10, 1983. In making this argument, petitioner appears to have confused his "mandatory parole" in 1973 after serving two-thirds his sentence, *see* 28 C.F.R. § 2.53(a) (1993) (containing the current "mandatory parole" provisions), with mandatory release pursuant to 18 U.S.C. § 4164. The latter applies only to prisoners who, unlike petitioner, have served their full term(s) less good-time deductions. It is clear that on July 31, 1979 petitioner was *not* mandatorily released pursuant to 18 U.S.C. § 4164 but was instead paroled well before his mandatory release date of October 22, 1981. The Parole Commission retained jurisdiction over him until February 9, 1983, and his attack on its January 10, 1983 warrant is therefore without merit.

### CONCLUSION

For the above reasons, I respectfully recommend that your Honor dismiss this petition.[4]

Copies of this report and recommendation have been mailed this date to:

Mr. Joseph Maggio

\# 83A6942

Southport Correctional Facility

Box 2000

Pine City, New York 14871

Linda A. Riffkin, Esq.

Special Assistant United States Attorney

100 Church Street, 19th Floor

New York, New York 10007

The parties are hereby directed that if you have any objections to this Report and Recommendation you must, within ten (10) days from today, make them in writing, file them with the Clerk of the Court and send copies to the Honorable Lawrence M. McKenna, to the opposing party and to the undersigned. Failure to file objections within ten (10) days will preclude later appellate review of any order that will be entered by Judge McKenna. *See* 28 U.S.C. § 636(b)(1); Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure; *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992); *Small v. Secretary of HHS,* 892 F.2d 15, 16 (2d Cir.1989) (per curiam); *Wesolek v. Canadair Ltd.,* 838 F.2d 55, 58 (2d Cir.1988); *McCarthy v. Manson,* 714 F.2d 234, 237 (2d Cir.1983) (per curiam).

Dated: New York, New York

October 29, 1993

---

**4.** Although petitioner has fully presented his claim herein *pro se,* he has outstanding an application for appointment of counsel on which I did not rule pending my study of the claim presented. Finding, upon thorough examination of the claim, that it did not involve complex legal or factual issues, I determined appointment of counsel would not be likely to lead to a more just determination in this case and proceeded accordingly to render this report and recommendation. *See Cooper v. A. Sargenti Co., Inc.,* 877 F.2d 170 (2d Cir.1989); *Hodge v. Police Officers,* 802 F.2d 58, 61–62 (2d Cir.1986). *See also Frazier v. Wilkinson,* 842 F.2d 42, 46–47 (2d Cir.), *cert. denied,* 488 U.S. 842, 109 S.Ct. 114, 102 L.Ed.2d 88 (1988); *Buitrago v. Scully,* 705 F.Supp. 952, 957–58 (S.D.N.Y.1989).