107 F.3d 5
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Bernard WOODMANSEE, Sr., Plaintiff-Appellant,
v.
EASTERN REGIONAL PAROLE COMMISSION; United States Marshal's
Service; Randall Moran, Personally and In His Capacity As
An Employee of the State of Vermont Attorney General's
Office; Michael Wilson, Individually and In His
Professional Capacity As A United States Parole Officer;
Christian Hanson, Jr., Individually and In His Professional
Capacity As United States Marshal for the District of
Vermont; John Doe, I-X, Defendants-Appellees.
 No. 96-2444.
 United States Court of Appeals, Second Circuit.
 Feb. 12, 1997.
 
 Appearing for Appellant: Bernard Woodmansee, Sr. pro se, Federal Correctional Institute, Fort Dix, New Jersey.
 Appearing for Appellee: Tristram J. Coffin, Assistant United States Attorney for the District of Vermont, Burlington, Vermont.
 Before CARDAMONE, WINTER and CABRANES, Circuit Judges.
 
 
 1
 Bernard Woodmansee, Sr., pro se, appeals from Judge Murtha's grant of summary judgment dismissing Woodmansee's action brought under 42 U.S.C. § 1983. Woodmansee raised numerous claims stemming from his arrest for violations of conditions of mandatory release from imprisonment for interstate transportation of stolen goods and bank robbery. The violator warrant in question was issued on May 16, 1994, but execution was delayed until pending state charges against Woodmansee had been resolved. On December 2, 1994, Woodmansee was convicted of leaving the scene of an accident, and on December 13, 1994, Woodmansee was arrested pursuant to the violator warrant.
 
 
 2
 Woodmansee argues that: (i) the district court "prematurely granted summary judgment," denying his constitutional right to a jury trial, (ii) he was denied due process because a case analyst rather than a commissioner executed the warrant, (iii) the district judge failed to recuse himself even though a defendant probation officer was an employee of the court, and (iv) the district court erred by allowing an Assistant United States Attorney to engage in a "conflict of interest" by representing defendants Wilson and Hanson in both their official and individual capacities.
 
 
 3
 We review a grant of summary judgment de novo and if, viewing the facts in the light most favorable to the non-moving party, there is no genuine issue as to any material fact, the moving party is entitled to judgment as a matter of law. See Barry v. Liddle, O'Connor, Finkelstein & Robinson, 98 F.3d 36, 39 (1996); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 4
 Woodmansee first argues that the district court improperly granted summary judgment on his claim that the Parole Commission lacked jurisdiction to revoke his mandatory release after the date his sentence expired. The defendants argue that this claim cannot be raised because it was not specified in Woodmansee's complaint. See Rule 8, Fed.R.Civ.P. However, the district court apparently construed Woodmansee's pro se complaint liberally and, therefore, as raising this issue. See Elliott v. Bronson, 872 F.2d 20, 21 (2d Cir.1989).
 
 
 5
 In any event, this claim lacks merit. As provided in 28 C.F.R. § 2.44(b) & (c):
 
 
 6
 (b) ... In the case of any parolee charged with a criminal offense and awaiting disposition of the charge ... a warrant may be issued and held in abeyance....
 
 
 7
 (c) A summons or warrant may be issued only within the prisoner's maximum term or terms except that in the case of a prisoner released as if on parole pursuant to 18 U.S.C. 4164 [mandatory release], such summons or warrant may be issued only within the maximum term or terms, less one-hundred eighty days.
 
 
 8
 Furthermore, 28 C.F.R. § 2.44(d) provides that:
 
 
 9
 [t]he issuance of a warrant under this section operates to bar the expiration of the parolee's sentence. Such warrant maintains the Commission's jurisdiction to retake the parolee either before or after the normal expiration date of the sentence and to reach a final decision as to revocation of parole and forfeiture of time pursuant to § 2.52(c).
 
 
 10
 In this case, Woodmansee's full term date was November 26, 1994, and 180 days prior to that date was May 30, 1994. The warrant was issued on May 16, 1994 and was therefore timely. Russie v. U.S. Dep't of Justice, 708 F.2d 1445, 1448 (9th Cir.1983); Maggio v. McClellan, 842 F.Supp. 99, 100 (S.D.N.Y.1994). Executing the warrant on December 13, 1994 falls within the requirement that it be executed within a "reasonable time." See Castillo v. United States, 391 F.2d 710, 711 (2d Cir.1968).
 
 
 11
 Woodmansee relies upon Toomey v. Young, 442 F.Supp. 387 (D.Conn.1977), modified, 449 F.Supp. 336 (D.Conn.1978), aff'd mem., 589 F.2d 123 (2d Cir.1979), arguing that the Parole Commission's warrant was invalid because it was executed after November 26, 1994, the date his sentence expired. This claim was not raised in the complaint, but, even if it were, Woodmansee's reliance on Toomey is misplaced. In Toomey, supplemental charges with no connection to previous state charges were added to the original warrant after the expiration of a sentence. 442 F.Supp. at 392; see also D'Amato v. United States Parole Commission, 837 F.2d 72, 76 (2d Cir.1988) (distinguishing Toomey ). None of those facts exist in this matter.
 
 
 12
 Woodmansee next argues that he was denied due process because a case analyst rather than a commissioner executed the warrant. This claim was not raised before the district court. Moreover, in light of the elaborate process by which Woodmansee challenged the warrant through counsel before the United States Parole Commission and on appeal to the National Appeals Board, we see no prejudice, much less a constitutional violation.
 
 
 13
 Woodmansee next argues that the district judge should have recused himself because one of the defendants, Michael Wilson, works in the judicial branch of the federal government and is therefore part of the judge's "judicial family." This claim also was not timely raised. Moreover, it lacks merit. See United States v. Ramsey, 871 F.2d 1365, 1366 (8th Cir.1989).
 
 
 14
 Woodmansee finally argues that the district court erred in allowing the Assistant United States Attorney to represent defendants in both their "professional"--which may be construed as "official"--and individual capacities. This issue too was not raised in the district court and is similarly meritless. See 28 C.F.R. § 50.15(a).
 
 
 15
 We therefore affirm.