*366 OPINION OF THE COURT
Gabrielli, J.
Through the efforts of an undercover police officer, aided by a surveillance team, the defendant was indicted, tried and convicted upon a jury verdict, of criminal sale of a controlled substance in the first and second degrees. On two separate occasions during the course of the trial reference was made to evidence of prior crimes committed by the defendant and he asserts that such references constituted reversible error. We disagree and affirm the order of the Appellate Division sustaining the convictions.
On December 20, 1973 six members of a narcotics undercover investigative unit met to co-ordinate the focus of their activities for the day. It was determined that their investigation would center around the defendant, who was believed to be trafficking in drugs. Accordingly, undercover officer Nicholas Molfetta placed a telephone call to Wilbur and Denise Bostick, two individuals with whom the police had dealt in connection with other drug investigations involving this defendant, asking them to contact the defendant in order to arrange a buy. Shortly after lunch, Officer Molfetta went to the Clairmont Hotel where he met the Bosticks who informed him that all the arrangements had been made. The party of three then drove to West 112th Street and Lenox Avenue in Manhattan where the purchase was to occur. When they arrived the defendant was not there, and Denise offered to locate him and bring him back to the car, which she successfully accomplished. Officer Molfetta testified, over objection, that he then had the following taped conversation with the defendant:
"Defendant: You beat me.
"Molfetta: What do you mean, I beat you.
"Defendant: The last package that I gave you, it was too much in there.
* * *
"Defendant: You owe me $600.
"Molfetta: No f* * * way I owe you $600.
"Defendant: Well, you’re going to have to come up with something.
"Molfetta: Well, what do you have right now?
*367 "Defendant: Well, I got some dope and I have more coke than dope.
"Molfetta: The coke was s* * * before.
* * *
"Defendant: I don’t have two pieces of dope; but the coke I have has rocks* in it.
* * *
"Molfetta: All. right. Listen, I need something to get over. I’ll take the coke, I also want some of the dope because the dope is super.
"Defendant: I know, but I only have a little bit left.
"Molfetta: Whatever you have left, give me.
"Defendant: I got almost a half a piece. Okay.
"Molfetta: How much coke do you have?
"Defendant: I’ll have to check.
"Molfetta: All right, listen, I’ll give Denise some money. How much?
"Defendant: Listen. Give Denise $1,500 and that would take care of the coke, a piece and some of the dope, and if I have more I’ll let you know.”
Molfetta paid the required sum whereupon defendant and Denise walked acrosss 112th Street into a housing project. Shortly thereafter Denise returned and arranged the sale of more cocaine for the additional price of $700, departing once again to the housing project. Finally, the two came back to the car, the defendant remaining in the street while Denise entered the car. Officer Molfetta demanded to see the drugs and, although objections were voiced because of a claimed abundance of police in the area, Denise retrieved the packets from inside her bra, so that the officer could observe the drugs. Officer Molfetta and the Bosticks then drove to another location where the officer was given the drugs.
On cross-examination Officer Molfetta was asked whether his testimony indicated the money was given to Denise, with the apparent intent of demonstrating that the money was not handed directly to defendant. The officer responded, "[w]ell, as I was trying to hand Preston [defendant] the money, on previous occasions, he refused the money and always told me *368 to give it to Denise”. Defense counsel objected that the answer was not résponsive and improperly placed prior criminal activity before the jury. The Trial Judge sustained the objection and directed the jury to disregard the statement, declaring that "[i]t is not evidence in this case.”
 Defendant’s primary objection is directed toward the testimony describing the prior transaction in which defendant believed he had made a bad bargain. He argues that this testimony had no probative value and served only to demonstrate a criminal disposition. As a general rule evidence of unconnected, uncharged criminal conduct is inadmissible if offered for no other purpose than to raise an inference that a defendant is of a criminal disposition (People v Fiore, 34 NY2d 81, 84; People v McKinney, 24 NY2d 180, 184; People v Dales, 309 NY 97, 101) but such evidence may be admissible if offered for some relevant purpose (People v Jackson, 39 NY2d 64, 67; People v McKinney, supra, at p 184). Although any evidence of prior criminal conduct may have some prejudicial effect, when the prior activity is directly probative of the crime charged it may be deemed to outweigh that effect (People v Jackson, supra, at p 68; People v McKinney, supra, at p 184). As this court stated in People v Molineux (168 NY 264, 293), "[generally speaking, evidence of other crimes is competent to prove the specific crime charged when it tends to establish (1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the others; (5) the identity of the person charged with the commission of the crime on trial.”
The categories delineated in Molineux are not exclusive but merely illustrative of instances where prior criminal conduct is admissible (People v Jackson, supra, at p 68; People v Calvano, 30 NY2d 199, 205-206; Richardson, Evidence [10th ed], § 170, p 140). In this case the trial court admitted the evidence of the prior transaction because the process of buying and making preparations for the sale was inextricably interwoven into this one transaction. Reference to the prior sale was intrinsic to the bargaining between defendant and Officer Molfetta. It concerned the price to be paid and the quality of the drugs, providing highly probative evidence relating directly to the crime charged. When the conversation is so inextricably interwoven with the crime charged in the indictment it may be received in evidence (People v Mitchell, 40 *369 AD2d 117, 119) where, as in this case, the value of the evidence clearly outweighs any possible prejudice.
Objection is also raised to the statement made on cross-examination by Officer Molfetta that on prior occasions the defendant had directed him to make payments to Denise Bostick. The District Attorney asserts that this statement was admissible to show a common plan or scheme. In order to admit the evidence as demonstrative of a common plan there must be a concurrence of common features such that the acts proved can naturally be explained as caused by a general plan of which each act is but a part (People v Fiore, supra, at p 85). The mere act of paying one individual on two or more occasions fails to adequately demonstrate that the acts are merely part of an over-all scheme involving each sale. However, the trial court properly recognized the inadmissibility of this evidence and immediately directed the jury to disregard the statement. Further, the court instructed the witness to restrict his answers only to the specific questions asked. Given the admissibility of the officer’s initial conversation with the defendant and the court’s prompt action striking this statement here challenged and instructing the jury to disregard it, we cannot say there was prejudicial error warranting a new trial.
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Breitel and Judges Jasen, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed.

 The term "rocks” indicates pure cocaine which is more potent than the usual street cocaine.