■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v HUSSEIN SHARRIEFF, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Chetta, J.), dated November 28, 1984, which, after a hearing, granted in part defendant's motion to suppress certain physical evidence, and precluded the People from introducing the physical evidence not ordered suppressed at any subsequent trial.

Order reversed, on the law and the facts, the defendant's motion to suppress denied in its entirety, and matter remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

On March 3, 1984, at 1:50 A.M., two plainclothes police officers received a radio call (based on an anonymous tip) of an auto theft in progress in the vicinity of 84-17 122nd Street, in Queens. The radio call described a tall, white male wearing a two-tone ski jacket, and a shorter, black male wearing a dark jacket, who were attempting to enter a black and silver sports car. When the officers arrived, they located the car at the given location but did not see anyone on the street. In circling the area in a three-block radius, they drove past the car but saw no signs of tampering. A second radio call with virtually the same information was received at 2:14 A.M., and the officers again responded to the area and parked their unmarked vehicle, walked to the corner and observed the location through binoculars from about 50 yards away. The officer who testified at the hearing saw two men who fit the descriptions in the radio call. The white man, later identified as Perry, was standing on the corner looking nervously about, while the black man, identified as defendant, stood near the two-tone sports car. During the 10 minutes of observation, defendant approached the car and touched it several times, but would back away each time someone drove down the street.

Defendant then went to the corner, met with Perry, and they walked around the block. The officers followed, but upon realizing the two were making a circle, they doubled back so that the defendant and Perry were approaching them. When they were within 10 yards of the officers, one of them dropped

a shiny metalic object, which was identified after the arrest to be a pair of pliers. When asked what they were doing, Perry responded they were just walking. At this point, one of the officers noticed defendant was shaking his arm, and he was directed at gun point to turn and face a nearby fence. Defendant continued to shake his arm and, when facing the fence, an ice pick fell out of his sleeve. A search of defendant revealed an ignition-lock cylinder, which later was found to fit the sports car. Defendant and Perry were handcuffed and arrested. An examination of the car revealed the passenger door lock cylinder was on the ground next to the car, and the ignition lock cylinder on the steering column was missing.

Defendant moved to suppress all the physical evidence. The hearing Judge found the officers did not have reasonable suspicion to stop defendant and suppressed the ice pick and the ignition lock cylinder. The pliers were found to be abandoned property and were not suppressed, but because the People did not introduce the pliers in evidence at the hearing the Judge precluded the People from admitting the pliers at any subsequent trial.

We conclude that there was a sufficient basis to stop the defendant. The officers verified by personal observation all the elements of the radio call. At the scene they observed Perry acting as an apparent lookout and saw defendant approach the car described in the radio call and draw away when other people drove down the street. As the defendant and Perry approached the officers, a shiny, metalic object was dropped and, when they drew closer, defendant began to shake his arm. The officers then took what was a proper precautionary measure in drawing their guns and ordering Perry and the defendant against a fence (see, People v Belk, 100 AD2d 908; People v Finlayson, 76 AD2d 670, lv denied 51 NY2d 1011, cert denied 450 US 931). The defendant continued to shake his arm and the ice pick fell out of his sleeve. This was an independent act involving a calculated risk; hence defendant abandoned the ice pick (see, People v Boodle, 47 NY2d 398, cert denied 444 US 969). At this point, having observed defendant drop a weapon, the officers had probable cause to conduct a search of the defendant. Thus, the suppression of the lock cylinder which was found on his person was improper.

The pliers were correctly found to be abandoned property but the hearing Judge incorrectly precluded the People from introducing them into evidence at a subsequent trial. At a suppression hearing, the Judge may order the exclusion or suppression of evidence on any one of six grounds pursuant to

CPL 710.20. The hearing Judge did not rely on any of these grounds, but based the preclusion on CPL 240.70, which allows preclusion for failure to comply with discovery provisions. Compliance with discovery provisions was not at issue at the suppression hearing and the preclusion of the People from introducing the pliers in evidence was improper. Gibbons, J. P., Thompson, Brown and Eiber, JJ., concur.