■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK VOLPICELLO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered December 5, 1985, convicting him of grand larceny in the second degree (two counts) and criminal possession of a forged instrument in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (5).

The defendant was engaged in the retail jewelry trade. Under the two counts of grand larceny in the second degree for which he was convicted, the defendant was charged with inducing suppliers to give him merchandise by tendering checks which he had no intention of honoring.

In order to acquaint the jury with "the * * * concept of the float", the People called as a witness a person who had been employed by the defendant as his office manager. This witness testified that the defendant had worked out a plan whereby he would deposit bad checks from his personal bank account into his father's bank account and would then draw checks on his father's account, which he intended to be returned marked "uncollected". This testimony was admitted into evidence, over the defendant's objection, under the principles enunci-

ated in *People v Molineux* (168 NY 264), as evidence of uncharged criminal conduct, for the purpose of showing the defendant's intent with respect to the crimes with which he was charged.

We hold that such testimony was properly admitted to establish the defendant's criminal intent. Along with the other evidence concerning the defendant's checking accounts, this testimony demonstrated a continuous pattern of check manipulation whereby the defendant wrote checks, while knowing he had insufficient funds. This evidence was highly probative, and outweighed any claim of possible prejudice to the defendant *(see, People v Molineux, supra; People v Vails,* 43 NY2d 364).

Upon reviewing the evidence, and viewing it, as we must, in the light most favorable to the prosecution, we find that it is sufficient as a matter of law to support the defendant's conviction of the crimes charged *(see, People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932; *People v Contes,* 60 NY2d 620). Moreover, upon the exercise of our factual review power we are satisfied that the evidence was of sufficient quality and quantity to establish the defendant's guilt beyond a reasonable doubt (CPL 470.15 [5]).

We have considered the other contentions raised by the defendant and find them to be without merit. Mangano, J. P., Bracken, Niehoff and Eiber, JJ., concur.