(May 17, 1990)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESTER I. CRANDALL, Appellant.—Levine, J. Appeal from a

judgment of the County Court of Albany County (Harris, J.), rendered July 9, 1986, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

Defendant's previous conviction for the sale of a quantity of cocaine to a State Police undercover officer at Thruway exit 25 in Albany County on September 26, 1983 was reversed by the Court of Appeals and a new trial ordered (67 NY2d 111). The ground for reversal was, *inter alia,* that evidence of uncharged crimes was erroneously introduced on the People's direct case. That evidence consisted of (1) conversations during the indicted transaction in which an earlier sale was referred to for which the officer owed defendant $300 and made payment during the indicted transaction, and (2) a sale later the same day as the indicted transaction. As to that sale, the officer testified that he went to a bar in Schenectady County on September 26, 1983 in order to pay defendant $650, the price defendant had fixed for the drugs delivered at exit 25 earlier that day. Defendant and the officer went to the men's room, where defendant offered him another amount of cocaine for $700. When the officer explained that he did not have sufficient cash to pay for both the new cocaine and the $650 he owed on the prior transaction, defendant permitted him to pay $700 for the new sale and owe him the $650 for the earlier sale.

Upon retrial, County Court permitted the prosecution to again introduce the same testimony by the undercover officer concerning the subsequent September 26, 1983 sale in Schenectady. At the conclusion of the trial, defendant was again convicted and this appeal followed.

Only two of defendant's points require discussion. The first is his claim that retrial of the instant indictment following defendant's conviction for several sales of cocaine in Schenectady County to the very same undercover officer (including the sale later the same day) constitutes a violation of his constitutional and statutory rights not to be subjected to double jeopardy *(see,* US Const 5th, 14th Amends; NY Const, art I, § 6; CPL 40.20). We disagree. Each sale was clearly a separate act, involving a different substance at a different time and place. The sale in the instant case and the subsequent sale in Schenectady the same day were, of course, close in time. However, the only evidence in the record establishes that the second sale was not planned with, paid for by the same consideration or otherwise connected with the earlier sale. Rather, they were entirely separate episodes. Therefore, the

two sales were not part of the same criminal transaction and the convictions do not constitute double jeopardy in either its constitutional or statutory forms *(see, People v Robinson,* 65 AD2d 896; *cf., People v North St. Book Shoppe,* 139 AD2d 118, 122).

The second issue is whether County Court again committed reversible error by improperly admitting evidence of an uncharged crime, that is, the undercover officer's testimony of the $700 sale of cocaine in Schenectady later the same day as the indicted sale. The introduction of evidence of that sale was specifically condemned by the Court of Appeals in reversing defendant's first conviction *(People v Crandall,* 67 NY2d 111, 117, *supra).* On retrial, County Court determined that this ruling was not binding in that the Court of Appeals apparently misconstrued the testimony of the undercover officer as indicating that the money exchanged at the bar in Schenectady on September 26, 1983 was in payment for the sale at Thruway exit 25 earlier that day. County Court then held that the officer's description of that subsequent sale was inextricably interwoven with relevant evidence, i.e., with defendant's admission that the indicted sale had taken place earlier that day and the "explanation of why, in fact, the $650 was not paid for the morning transaction". However, any misconception by the Court of Appeals as to which sale the $700 payment to defendant in Schenectady related does not obviate the basis for the Court of Appeals prior ruling. If anything, in our view, it makes the inadmissibility of the Schenectady sale more imperative. The Court of Appeals essentially held that the drug transaction in Schenectady, while relevant to prove "the fact that the $650 due from the earlier sale had been paid" *(supra,* at 117), was inadmissible because its probative value did not outweigh its potentially prejudicial effect *(supra,* at 116-117; *see also, People v Vails,* 43 NY2d 364, 369). Clearly, the second drug transaction, as an admission of the earlier sale or as an explanation for the nonpayment of the price of the drugs in that earlier sale, is even less probative of guilt than it would have been as proof of payment for the earlier sale. A fortiori, then, under *People v Crandall (supra)* the second drug transaction should not have been introduced in evidence. Moreover, as suggested in the Court of Appeals decision in *Crandall,* the officer could have testified in substance that, in a meeting in Schenectady later that same day, he and defendant agreed to postpone payment for the cocaine sold by defendant at Thruway exit 25, without referring to the additional sale which took place during that meeting.

Also, the entire transaction, including the second sale, might have become admissible had defendant attempted to capitalize on the absence of payment in cross-examination or otherwise by way of defense (see, People v Ventimiglia, 52 NY2d 350, 360). Instead, the prosecution chose to introduce evidence of the subsequent sale as part of its direct case. Accordingly, we are constrained under People v Crandall (supra) to reverse and order a new trial.

Judgment reversed, on the law, and matter remitted to the County Court of Albany County for a new trial. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.