Titone, J.
(dissenting). Although defendant was charged with a single count of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [12]), at his trial, the prosecution, over numerous objections, was permitted to elicit extensive testimony which ultimately linked defendant to a large scale drug selling enterprise. The introduction of this highly prejudicial evidence clearly acted to deprive defendant of a fair trial (see, People v Alvino, 71 NY2d 233; People v Crandall, 67 NY2d 111; People v Molineux, 168 NY 264). The Appellate Division majority’s conclusion that this evidence was merely "confirmatory” of testimony already introduced into the case by defense counsel (172 AD2d 173,174-175) is simply not supported by the record. An examination of the trial transcript indicates that the testimony elicited by the prosecution went far beyond that which was brought out by defense counsel, and improperly created the impression that defendant was an active participant in an ongoing drug trafficking operation. Accordingly, I dissent.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Hancock, Jr., and Bellacosa concur; Judge Titone dissents and votes to reverse in an opinion.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed in a memorandum.