■ The People of the State of New York, Respondent, v Moshe Israel, Also Known as Jeffrey Ferguson, Appellant. [600 NYS2d 86] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Quinones, J.), rendered January 25, 1988, convicting him of assault in the second degree (three counts), coercion in the second degree (eight counts), and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reversing the convictions under counts 29 through 35 of the indictment, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

The defendant's contention that the evidence adduced by the People was legally insufficient to establish his guilt for the crime of coercion with respect to the complainant identified in the indictment as "Mary Doe" is unpreserved for appellate review *(see, People v Bynum,* 70 NY2d 858; *People v Udzinski,* 146 AD2d 245), and, in any event, is without merit *(see, People v Contes,* 60 NY2d 620).

We do agree, however, that the evidence is deficient with respect to proof that the defendant instilled in the other minor complainant a fear that if she did not comply with his demand that she "pass the word" about her religion and obtain contributions he would cause "physical injury" to her *(see,* Penal Law § 135.60 [1]). Accordingly, the defendant's conviction upon those seven counts of coercion in the second degree relating to "Jane Doe" must be reversed, the sentences imposed thereon vacated, and the subject counts dismissed from the indictment.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt upon the remaining counts beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Notwithstanding the defendant's assertions to the contrary, the record does not support his claims that he was denied a fair trial by virtue, *inter alia,* of prosecutorial misconduct, ineffective assistance of trial counsel, and the introduction of uncharged crimes. On the contrary, we find that the defendant was afforded "meaningful representation" *(People v Smith,* 59 NY2d 156, 166; *People v Baldi,* 54 NY2d 137, 147), that no uncharged crimes involving the defendant were improperly elicited by the prosecution to demonstrate the defendant's criminal disposition *(cf., People v Vails,* 43 NY2d 364, 368; *People v Molineux,* 168 NY 264; *cf., People v Alvino,* 71 NY2d 233), and that no other claimed errors operated to deprive the defendant of his due process right to a fair trial.

We have considered the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., Miller, O'Brien and Ritter, JJ., concur.