■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY JOHNSON, Appellant. [631 NYS2d 667] —Judgment, Supreme Court, New York County (James Yates, J.), rendered May 25,

1993, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of $4^1/2$ to 9 years, unanimously affirmed.

Viewing the evidence in light most favorable to the People and giving them the benefit of every reasonable inference (*People v Malizia*, 62 NY2d 755, *cert denied* 469 US 932), we find that the evidence was sufficient as a matter of law to establish defendant's guilt of possession of drugs with intent to sell them. The evidence of the codefendant's completed sale to the undercover officer in defendant's presence and of defendant's subsequent reprimand of the codefendant for having sold to someone who might be a police officer was properly admitted, since it was "inextricably interwoven" with the testimony concerning the negotiations between defendant and the undercover (*People v Vails*, 43 NY2d 364, 368), and its prejudicial impact as proof of an uncharged crime was outweighed by its probative value in proving that defendant possessed drugs with the intent to sell them (*see, People v Alvino*, 71 NY2d 233, 242). The courtroom was properly closed during the testimony of the undercover officer based on her *Hinton* hearing testimony that she was involved in numerous ongoing long-term investigations in the area of defendant's arrest and had been threatened on prior occasions by buy subjects (*People v Martinez*, 82 NY2d 436; *People v Mason*, 216 AD2d 149). Concur—Wallach, J. P., Kupferman, Ross, Nardelli and Tom, JJ.