*Export Corp.,* 15 NY2d 1 and *Unger v Travel Arrangements,* 25 AD2d 40, 47; *see generally,* 3 NY Jur 2d, Agency and Independent Contractors, § 276).

With respect to the contention of defendant Adema, we note that, because of the dismissal of the complaint against Travelers, Adema's cross claim against Travelers must be converted to a third-party complaint. (Appeals from Order of Supreme Court, Erie County, Gorski, J.—Dismiss Complaint.) Present—Denman, P. J., Green, Wesley, Balio and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLOYD SMART, Appellant. (Appeal No. 1.) [638 NYS2d 569] —Judgment unanimously affirmed *(see, People v Jimenez,* 224 AD2d 1002 [decided herewith]). (Appeal from Judgment of Monroe County Court, Egan, J.—Unauthorized Use Motor Vehicle, 3rd Degree.) Present—Lawton, J. P., Fallon, Callahan, Balio and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLOYD SMART, Appellant. (Appeal No. 2.) [637 NYS2d 826] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of criminal possession of stolen property in the third degree, two counts of criminal possession of stolen property in the fourth degree and two counts of unauthorized use of a motor vehicle in the third degree, arising out of defendant's operation of stolen motor vehicles on February 18 and 24, 1993. By failing to specifically raise the issue as part of his trial motion for dismissal, defendant failed to preserve for appellate review his contention that the conviction regarding the February 24 incident is not supported by legally sufficient evidence of value *(see,* CPL 470.05 [2]; *People v Lawrence,* 85 NY2d 1002, 1004). In any event, that contention lacks merit. The owner, a used car dealer with about 20 years of experience, testified that he purchased the vehicle from another dealer for $3,000, that the vehicle had been sold for $4,000 and was to be delivered to the buyer on the day after the theft, and that, in his opinion, the vehicle had a value of $4,000. That testimony is sufficient to establish that the vehicle had a value in excess of $3,000 *(see, People v Mims,* 178 AD2d 178; *People v Vacarella,* 177 AD2d 990, *lv denied* 79 NY2d 833).

Defendant also failed to preserve for review his contention that the prosecutor improperly commented on the credibility of police witnesses *(see,* CPL 470.05 [2]; *People v Dawson,* 50 NY2d 311, 324). Were we to reach the merits, we would conclude that such isolated comment was a fair response to the comments of defense counsel on summation attacking the