■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN RUIZ JIMENEZ, Appellant. [637 NYS2d 548] —Judgment unanimously affirmed. Memorandum: Defendant contends that Supreme Court should have granted his motion to suppress. We disagree. The record of the suppression hearing shows that, while walking toward a restaurant to perform a premises investigation check, an officer of the Rochester Police Department observed defendant walking in a lot next to the restaurant. When defendant saw the officer, he fled to the rear of the lot and hid behind a dumpster. When the officer walked into the lot toward defendant, he observed defendant peering out at him from behind the dumpster. Defendant opened the lid of the dumpster, threw a brown paper bag inside, and walked out from behind it. The officer asked defendant to stop and answer some questions, and he asked another officer at the scene to retrieve the brown paper bag from the dumpster. Inside the bag were 11 baggies containing what appeared to be cocaine. Defendant was then placed under arrest.

We agree with the suppression court that the officer's conduct was reasonable and did not constitute an illegal pursuit of defendant (see generally, People v Hill, 127 AD2d 144, 145-149, lv granted 69 NY2d 888, appeal dismissed 70 NY2d 795; see also, People v Leung, 68 NY2d 734; People v Howard, 50 NY2d 583, cert denied 449 US 1023). Moreover, by placing the bag inside the dumpster, defendant relinquished any possessory interest in it and, therefore, lacks standing to challenge its seizure (see, People v Stevens, 129 AD2d 749; see also, People v Sharrieff, 117 AD2d 635, 636, lv dismissed 67 NY2d 950).

We have reviewed defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Monroe County, Doyle, J.—Criminal Possession Controlled Substance, 2nd Degree.) Present—Lawton, J. P., Fallon, Callahan, Balio and Boehm, JJ.