■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONNELL BRIDGES, Appellant. [641 NYS2d 676] —Appeal by the defendant from a judgment of the County Court, Nassau County (Jonas, J.), rendered March 17, 1994, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the branch of the defendant's omnibus motion which was to suppress statements made by the defendant to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant's contention that his written statement should be suppressed because it is a summary and not a word-for-word recitation of the defendant's answers to questions, or is otherwise incomplete, is without merit. Suppression can only be granted for the grounds set forth in CPL 710.20 (see, People v Johnson, 83 NY2d 831, 833-834; People v Sharrieff, 117 AD2d 635, 636-637; People v Washington, 51 NY2d 214). To the extent that the defendant is challenging the degree of accuracy to which the written statement reflects his answers, this challenge does not come within the protection of the statute (see, CPL 710.20).

The defendant's contention that his written statement should have been suppressed on grounds other than a constitutional violation specified in CPL 710.20 is without merit. This contention is related to the credibility of the police officers, which was an issue properly submitted to the jury for resolution (see, People v Washington, supra, at 222; People v Dananel, 183 AD2d 778).

We reject the defendant's contention that he was denied his right to counsel when, after his arrest for the instant offense, he waived his right to counsel in the absence of counsel. The defendant had been convicted of a crime 17 years prior to the arrest, had served time for that conviction, and was on parole at the time of the current crime. When a prior charge has been disposed of by dismissal or conviction, the indelible right to counsel disappears and the defendant is capable of waiving counsel on the new charge (see, People v Bing, 76 NY2d 331,

344, citing *People v Robles,* 72 NY2d 689, 698). Further, even assuming, arguendo, that the defendant was somehow still represented by counsel on the prior conviction, his right to counsel was not violated since he was not in custody on the prior charge, he knowingly and voluntarily waived his *Miranda* rights, and the police questioned him solely as to the current homicide investigation *(see, People v Bing, supra).*

The defendant's argument that he was denied effective assistance of counsel because his counsel should not have permitted him to testify at trial is meritless, since the defendant made the decision to testify. Insofar as it was the defendant's decision to testify at trial, the defense counsel, aside from advising his client to the contrary, would have been helpless to prevent such testimony, as the decision to testify rests solely with the defendant *(see, People v White,* 73 NY2d 468, 478, *cert denied* 493 US 859; *People v Ferguson,* 67 NY2d 383, 390). Bracken, J. P., Balletta, Thompson and Hart, JJ., concur.