■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESUS PILAR, Appellant. [654 NYS2d 356] —Judgment, Supreme Court, New York County (Antonio Brandveen, J.), rendered March 21, 1994, convicting defendant, after a jury trial, of three counts of criminal sale of a controlled substance in the first degree, one count of criminal possession of a controlled substance in the first degree, one count of criminal possession of a controlled substance in the third degree, two counts of criminally using drug paraphernalia in the second degree, and three counts of criminal possession of a weapon in the fourth degree, and sentencing him to concurrent prison terms of 20 years to life on each criminal sale of a controlled substance in the first degree conviction, 20 years to life on the criminal possession of a controlled substance in the first degree conviction, $8^1/_3$ to 25 years on the criminal possession of a controlled substance in the third degree conviction, and 1 year on each of the additional convictions, unanimously affirmed.

The trial court appropriately exercised its discretion in permitting introduction of taped conversations evidencing the prolonged negotiations that ultimately resulted in the drug sales and related crimes charged herein. To the extent that the content of the recorded negotiations included defendant's references to uncharged drug transactions, those references were inextricably interwoven with the charges herein and their relevance to material aspects of the People's case rendered them of a probative value that far exceeded the potential for prejudice (*see, People v Vails*, 43 NY2d 364, 368). The trial court gave appropriate instructions to the jury regarding consideration of the evidence of uncharged crimes and, on the

existing record, we cannot conclude that trial counsel's choices regarding such instructions constituted ineffective assistance (*People v Baldi*, 54 NY2d 137).

The court appropriately exercised its discretion in permitting expert testimony regarding drug trade terminology and practices, matters not within the ken of the typical lay juror (*People v Cronin*, 60 NY2d 430). Defendant's unpreserved claim that one of the expert witnesses offered improper statistical evidence is unsupported by the record, which indicates that the statistic in question was offered not as evidence regarding any material issue before the jury, but rather concerned the witness's qualification as an expert (*cf.*, *People v Kelsey*, 194 AD2d 248).

The court properly exercised its discretion when it permitted, with appropriate instructions to the jury, the reading of transcripts into the record by police witnesses. This proceeding was for the purposes of saving time and promoting the jury's convenience (*see, People v Moulton*, 43 NY2d 944). Nothing in the record supports defendant's claim that the transcripts were read in an improper manner.

We perceive no abuse of discretion in sentencing. Concur—Murphy, P. J., Sullivan, Rubin and Andrias, JJ.