OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division, insofar as appealed from, should be reversed, and a new trial ordered on the narcotics-related charges.
 

 At his jury trial for various drug-related crimes, defendant attempted to prove that the drugs” found in his bedroom closet had been planted there by an informant who had helped the police secure the search warrant for his apartment. After the defense rested, the People called a rebuttal witness who testified that approximately eight months before execution of the search warrant, defendant had supplied her with drugs, which he had retrieved from a back room in his apartment. Defendant entered a timely objection to the admission of this testimony, claiming that it had no probative value and was unduly prejudicial. The trial court denied the defense objection and ruled that the evidence was admissible because it was relevant to "the issue of knowledge and weight.”
 

 Evidence of a prior uncharged crime may not be admitted solely to demonstrate a defendant’s bad character or criminal
 
 *1005
 
 propensity, but may be admissible if linked to a specific material issue or fact relating to the crime charged, and if its probative value outweighs its prejudicial impact
 
 (People v Hudy,
 
 73 NY2d 40, 54-55;
 
 People v Alvino, 71
 
 NY2d 233, 241-242). Such evidence offered in rebuttal must, additionally, counter " 'some affirmative fact’ ” which defendant attempted to prove
 
 (People v Harris,
 
 57 NY2d 335, 345, quoting
 
 Marshall v Davies,
 
 78 NY 414, 420).
 

 Here, the defense hinged on the claim that defendant never possessed the drugs that were planted in his closet. Although evidence of prior uncharged crimes may have been relevant to show intent, knowledge or the absence of mistake or accident, whether defendant intended to sell the drugs, knew of their weight, or mistakenly or accidentally sold or possessed the drugs was never placed in issue by defendant. The People’s rebuttal testimony concerning an alleged drug transaction eight months before the events for which he was convicted did nothing to refute defendant’s claim that he had been framed, but merely tended to show his propensity to sell drugs
 
 (People v Crandall,
 
 67 NY2d 111, 118-119). As such, the prior uncharged crime evidence was inadmissible.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine, Ciparick and Wesley concur in memorandum.
 

 Order, insofar as appealed from, reversed, etc.