▮ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHELDON MOSLEY, Also Known as SHELDON WRIGHT, Appellant. [670 NYS2d 107] —Judgments, Supreme Court, New York County (Alfred Donati, J.), rendered July 25, 1995, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and upon his plea of guilty, of perjury in the first degree, and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years and 2 to 4 years, respectively, unanimously affirmed.

The court was not required to consider a reasonable alternative to courtroom closure during the testimony of the undercover officer, because defendant, after being specifically asked by the court for such suggestions, offered no such alternative (*People v Ayala*, 90 NY2d 490, *cert denied* 522 US 1002). Defendant's vague response to the court's inquiry did not constitute a suggested alterative. Further, the court appropriately exercised its discretion in directing such closure, based on the court's acceptance of the officer's testimony at the *Hinton* hearing that he was actively engaged in undercover activities at the same location as defendant's arrest, had been threatened by drug dealers in the past, and regularly took precautions to conceal his identity as a police officer (*supra*; *People v Hook*, 246 AD2d 470).

The court properly exercised its discretion in admitting testimony that three additional vials of crack cocaine were recovered from defendant. The testimony was inextricably interwoven with, and explanatory of, the undercover officer's narrative, which included testimony that he had purchased matching vials from defendant, consisting of only part of the vials offered for sale (*People v Vails*, 43 NY2d 364, 368). Additionally, the court appropriately instructed the jury regarding proper consideration of this evidence, which instruction presumably was understood and followed (*People v Davis*, 58 NY2d 1102, 1104).

Since the challenged portions of the prosecutor's summation do not show a pattern of inflammatory remarks or egregious

conduct on the part of the prosecutor, there is no basis for reversal (*People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884). Concur—Milonas, J. P., Nardelli, Wallach and Andrias, JJ.