■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW DOWDELL, Appellant. [695 NYS2d 102] —Appeal by the defendant from a judgment of the County Court, Nassau County (Calabrese, J.), rendered June 21, 1996, convicting him of criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

As the People correctly concede on appeal, it was error for the trial court to admit evidence of the defendant's prior conviction for the possession of cocaine. Such evidence did not refute the defendant's claim that he had been framed by the police, but merely tended to show his criminal propensity (see, People v Crandall, 67 NY2d 111; see also, People v Hudy, 73 NY2d 40, 54-56; People v Alvino, 71 NY2d 233, 241-242). Similarly, under the circumstances of this case, we conclude that it was error to

admit evidence that the defendant possessed a crack pipe, an uncharged crime (*see, People v Blair,* 90 NY2d 1003). As these errors were not harmless (*see, People v Crimmins,* 36 NY2d 230), we reverse and grant the defendant a new trial.

In view of our determination that there must be a new trial, we do not reach the remaining issues raised by the defendant. Bracken, J. P., O'Brien, Friedmann and Goldstein, JJ., concur.