■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK HARDY, Appellant. [695 NYS2d 103] —Appeal by the defendant from a judgment of the County Court, Nassau County (Calabrese, J.), rendered June 21, 1996, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree (two counts), and criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

As the People correctly concede on appeal, it was error for the trial court to admit evidence of the defendant's two previous convictions arising from the sale of cocaine in 1988 and 1989. Such evidence did not refute the defendant's claim that

he had been framed by the police, but merely tended to show his criminal propensity (*see, People v Crandall,* 67 NY2d 111; *see also, People v Blair,* 90 NY2d 1003; *People v Hudy,* 73 NY2d 40, 54-56; *People v Alvino,* 71 NY2d 233, 241-242). The error was not harmless (*see, People v Crimmins,* 36 NY2d 230). We therefore reverse and grant the defendant a new trial.

The defendant's contention that the court should have granted him and his codefendant (*see, People v Dowdell,* 264 AD2d 398 [decided herewith]) separate trials is unpreserved for appellate review, and, in any event, is without merit (*see, People v Mahboubian,* 74 NY2d 174).

In view of our determination that there must be a new trial, we do not reach the defendant's remaining contentions. Bracken, J. P., O'Brien, Friedmann and Goldstein, JJ., concur.