■ In the Matter of ANDREW J. WYLIE, as Law Guardian, Respondent, v BARRY J. FOUNTAIN, SR., Appellant. [757 NYS2d 363] —Carpinello, J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered May 2, 2002, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 8, to find respondent in violation of an order of protection and imposed upon respondent a six-month term of incarceration.

On February 27, 2002, Debra A. Fountain obtained a temporary order of protection against respondent directing him to, among other things, stay 1,000 feet away from her, refrain from committing any criminal offenses against her or their two young children and refrain from any acts that create an unreasonable risk to the children's health, safety or welfare. On March 10, 2002, respondent, while exercising visitation with the children, arrived at the residence where Fountain was staying because the children wanted to see her. Through an intercom, Fountain informed respondent that she could not "come downstairs" to see the children if he was present because of the order of protection.

Despite respondent's assurance that he would "go to the end of the road" to permit Fountain to come outside, he was present when she arrived to greet the children and an argument erupted after which respondent left in his vehicle. He returned, however, some time later. When he returned, Fountain was in the process of securing their youngest child into a car safety seat in her vehicle. Their other child was already so secured. Even though his children were in the car, respondent proceeded to "ram" his vehicle into Fountain's car. He then got out of his car, retrieved a hammer from the trunk and approached Fountain's vehicle on foot as she attempted to drive away, threatening to smash her windshield. A bystander intervened, and respondent ultimately left once again.

Respondent was subsequently arrested for, and pleaded guilty to, criminal contempt in the second degree based on his initial conduct in coming within 1,000 feet of Fountain and getting into the argument. In the interim, petitioner, the children's Law Guardian, filed a violation petition in Family Court alleging that respondent violated the order of protection by ramming Fountain's vehicle with his own while the children were in it and by thereafter approaching her with a hammer in the presence of the children. Respondent's motion to dismiss the violation petition on double jeopardy grounds was denied.

Following a hearing, Family Court found respondent guilty of contempt for willfully violating the order of protection when he rammed his vehicle into Fountain's vehicle. The court sentenced him to six months in jail for this violation. Noting that the criminal proceeding only concerned respondent's initial willful violation of the order of protection, Family Court found that double jeopardy principles were not implicated because respondent committed a separate and distinct violation of the order of protection when he returned to the premises. Respondent appeals.

We affirm. Family Court properly denied respondent's motion to dismiss the violation petition on double jeopardy grounds. The record confirms Family Court's finding that respondent committed separate and distinct violations of the order of protection, albeit on the same day (*see generally People v Crandall*, 161 AD2d 890 [1990]), and that the criminal prosecution concerned only his first violation. Thus, we are satisfied that respondent was not twice punished for the *same* offense; rather, he committed multiple violations of the order of protection and was prosecuted separately for each in different forums (*compare People v Wood*, 95 NY2d 509 [2000]; *People v Campbell*, 269 AD2d 460 [2000], *lv denied* 95 NY2d 833 [2000]; *People v Arnold*, 174 Misc 2d 585 [1997]).

Cardona, P.J., Spain, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.