■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KERRI BAILEY, Appellant. [781 NYS2d 697]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Carter, J.), rendered December 11, 2001, convicting him of murder in the second degree, robbery in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Wexner, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

At around midnight on March 1, 2000, Jose Martinez was robbed and killed as he walked home alone from work. About two weeks later, and without any witnesses or leads, police detectives began to question individuals suspected of committing burglaries in the area with the hope that they knew something about the murder. The defendant was one of these individuals. After the defendant gave the police some information, he was arrested on burglary charges. However, he was not

a suspect in the murder at that time. Subsequently, the defendant was convicted of burglary and incarcerated.

The murder investigation continued for several more months, during which time the police determined that the defendant had been involved in the murder. On November 14, 2000, when the defendant was released from the Nassau County jail after having served his sentence on the burglary conviction, the police picked him up for questioning about the murder. After waiving his right to counsel both orally and in writing, and after taking, and failing, a lie detector test, the defendant admitted that he robbed Martinez, but asserted that a companion had shot Martinez. The defendant was subsequently convicted of the murder and robbery of Martinez.

On appeal, the defendant contends that his November 14, 2000, questioning was conducted in violation of his right to counsel, and that any statement obtained as a result thereof should have been suppressed. He contends that since the police were aware that he had been represented on the burglary charges, they could not question him about the murder outside the presence of counsel. The defendant's contentions are without merit.

In *People v Bing* (76 NY2d 331, 344 [1990]), the Court of Appeals stated that "[w]hen the prior charge has been disposed of by dismissal or conviction, the indelible right to counsel disappears and the defendant is capable of waiving counsel on the new charge" (*see also People v Robles,* 72 NY2d 689, 698 [1988]; *People v Bridges,* 226 AD2d 471 [1996]). Here, the defendant had been convicted of charges arising out of prior burglaries, had served time in the Nassau County jail, and had been released from jail. Thus, when detectives began to question the defendant on November 14, 2000, about the murder, the burglary charges had been disposed of by conviction, and the defendant was capable of making an uncounseled waiver of his right to counsel (*see People v Burdo,* 91 NY2d 146 [1997]).

The defendant's remaining contentions either are unpreserved for appellate review (*see* CPL 470.05 [2]), or without merit (*see People v Vails,* 43 NY2d 364 [1977]). Santucci, J.P., Luciano, Schmidt and Cozier, JJ., concur.