Matter of Schwarzenegger v Smith (2004 NY Slip Op 51731(U))

[*1]

Matter of Schwarzenegger v Smith

2004 NY Slip Op 51731(U)

Decided on December 13, 2004

Family Court, Greene County

Lalor, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 13, 2004

Family Court, Greene County
In the Matter of a Proceeding Under Article 6 of the Family Court Act, Janet Schwarzenegger, Esq. o/b/o C.S., L.S. and A.S., Petitioner,
against
Gary W. Smith, Respondent.
V-00240-04/04B

Appearances: Janet Schwarzenegger, P.O. Box 127, South Cairo, New York 12482, Law Guardian-Petitioner; Friedman and Molinsek, P.C., 2 Normanskill Boulevard, P.O. Box 69, Delmar, New York 12054-0069, Michael P. Friedman, Esq. for Respondent.

Daniel K. Lalor, J.
In this custody proceeding, the law guardian for the three children has filed a petition for modification of a decision and order of this Court. Counsel for the father moves to dismiss on the grounds that petitioner has failed to join a necessary party, and that the petition fails to state a cause of action.
The Court holds that the mother is a necessary party and should be joined. Even though petitioner states that her allegations involve only conduct of the respondent father, and the relief she seeks is directed toward the father alone, in fact any change in custody or visitation with respect to the father necessarily would effect a complementary change in the rights and duties of the mother, who consequently has a right to be heard on the petition.
Respondent contends the petition should be dismissed because the petitioner has no personal knowledge of the facts alleged. The motion to dismiss is denied. The cases cited by respondent are not directly on point. A law guardian has standing to bring a petition on behalf of the children (see, In re Rebecca B., 227 AD2d 315), and there is precedent for a law guardian filing a petition on behalf of the children alleging violation of visitation (Wylie v Fountain, 304 AD2d 872 [3d Dept 2003]) or to modify its terms (Iadicicco v Iadicicco, 270 AD2d 721, 722 [3d Dept 2000]; Bowers v Bowers, 266 AD2d 741 [3d Dept 1999]). Although the petition states that the allegations therein are made "upon information and belief", the law guardian's affidavit in response to the motion states that the allegations of the petition are based in part on information obtained by her "directly" from the children. If the children were competent to petition in their own behalf, these allegations would be on personal knowledge, not on information and belief. For purposes of pleading, therefore, they are deemed the children's allegations.
Petitioner is directed to join Virginia D. Smith, the mother of the children, as a party respondent. Respondent's motion to dismiss the petition is denied. A hearing date shall be fixed after all necessary parties are before the Court. This is the Decision and Order of the Court.
Dated :December 13, 2004
Catskill, New York
 _______________________________
 Hon. Daniel K. Lalor