■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IAN ROSALES, Appellant. [811 NYS2d 666]—

Judgment, Supreme Court, New York County (John A.K. Bradley, J.), rendered April 8, 2003, convicting defendant, after a jury trial, of murder in the second degree (two counts) and kidnapping in the first degree, and sentencing him to a term of 25 years to life for the intentional murder conviction to run

consecutively to concurrent terms of 25 years to life for the felony murder and kidnapping convictions, unanimously modified, on the law, to the extent of directing that all sentences run concurrently, and otherwise affirmed.

The court properly exercised its discretion in permitting limited references to the fact that, at the time of an interview wherein he made admissions, defendant was incarcerated in Ohio for unspecified reasons. These references were necessary to provide context for other evidence and they could not be redacted without impairing the jury's understanding of the other evidence (*see People v Vails*, 43 NY2d 364 [1977]). To the extent that defendant is arguing that the court should have provided a limiting instruction, such claim is unpreserved and we decline to review it in the interest of justice. In any event, were we to find any error either in the receipt of this evidence or in the lack of an instruction, we would find the error to be harmless in view of the overwhelming evidence of defendant's guilt (*see People v Crimmins*, 36 NY2d 230 [1975]). Defendant's constitutional claim is unpreserved (*see e.g. People v Kello*, 96 NY2d 740, 743-744 [2001]) and without merit (*see Estelle v McGuire*, 502 US 62, 75 n 5 [1991]). The court improperly directed the sentence for intentional murder to run consecutively to the other sentences. The first-degree kidnapping was not complete until the victim was shot and killed (*see* Penal Law § 135.25 [3]), and it was this same shooting that formed the basis for the defendant's conviction for intentional murder (*see* Penal Law § 70.25 [2]; *People v Laureano*, 87 NY2d 640 [1996]). We have considered and rejected the People's argument concerning the remedy required to correct this defect. Concur—Andrias, J.P., Saxe, Friedman, Marlow and Sullivan, JJ.