■ The People of the State of New York, Respondent, v Orlando Rodriguez, Appellant. [813 NYS2d 432]—

Judgment, Supreme Court, New York County (John A.K. Bradley, J.), rendered October 26, 2004, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first and third degrees, and sentencing him to an aggregate term of 20 years to life, unanimously affirmed.

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (see *People v Hayes*, 97 NY2d 203 [2002]; *People v Pavao*, 59 NY2d 282, 292 [1983]). Although the prior conviction at issue was similar to the instant charges, both the type of crime and the underlying facts were highly probative of defendant's willingness to place his own interests above those of society, and thus of his credibility.

The court properly exercised its discretion in admitting evidence of a large quantity of drugs recovered from a house connected to two men who, after a series of meetings with defendant, provided him with a van loaded with similarly packaged drugs. Although defendant was not charged with possessing the drugs in the house, that evidence was "inextricably interwoven" with the charged crime in many respects (*People v Vails*, 43 NY2d 364, 368 [1977]), and it tended both to corroborate the charge defendant knowingly possessed the similarly packaged drugs in the van and to rebut defendant's defense of being an innocent dupe. Since any prejudicial effect this evidence may have had was outweighed by its relevance, the court properly permitted it to be introduced (see *People v Alvino*, 71 NY2d 233, 242 [1987]).

Defendant's remaining contentions, including his constitu-

tional arguments, are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Buckley, P.J., Andrias, Nardelli, Sweeny and McGuire, JJ.